**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*86 Chambers Street*
*New York, New York 10007*

July 21, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/2026

**By ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Eltayeb v. Genalo*, No. 26-cv-6090 (VEC)

Dear Judge Caproni:

This Office represents the government in the above-referenced immigration habeas corpus action, brought by petitioner Mohamed Eltayeb Ali Eltayeb ("Petitioner"). On July 20, 2026, the Court issued an order directing the government to file a letter responding to certain questions by noon on July 21, 2026. ECF No. 4. The Court also scheduled a conference for 2:30 p.m. on July 21, and stated that the conference may be adjourned if the parties so request.

First, I write respectfully to request, on behalf of the parties, that the Court cancel today's conference and endorse the following schedule: (i) the government shall provide a response to the petition by 12:00 p.m. on July 22, and (ii) Petitioner may file a reply by July 24.

Second, I write respectfully on behalf of the government to provide the government's initial response to the Court's questions:

a. **whether Petitioner was located in the Southern District of New York at the time that the Petition was filed . . . ;**
   a. Petitioner was present in the Southern District of New York at the time the habeas petition was filed, and so venue is proper in this Court.

b. **Petitioner's A-number and current place of detention;**
   a. Petitioner's A-number is A249-140-142. Petitioner is currently detained at Delaney Hall Detention Facility in Newark, New Jersey.

c. **the statutory provision under which Respondents assert the authority to detain Petitioner;**
   a. Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii).

d. **whether there is (1) any reason *Ricardo Aparecido Barbosa da Cunha v. Joseph E. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026), does not govern this case or (2) any basis to distinguish this case from *Quispe-Sulcaray v. Noem et al.*, 25-CV-9908 (VEC), or *Pastuna Pastuna v. Francis et al.*, 26-CV-398 (VEC). If not, whether Respondents would consent to issuance of the writ, subject to preservation of Respondents' arguments for appeal. If**

**there is a basis to distinguish, whether Respondents waive the right to submit an answer and consent to issuance of the writ, subject to preservation of Respondents' arguments for appeal;**

a. This case is not squarely governed by the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). That decision principally addressed the detention authority for an alien who had illegally entered the United States, evaded apprehension at the border, and was later encountered and apprehended in the interior. Petitioner here did not evade apprehension at the border, rather, Petitioner was apprehended shortly after unlawfully crossing the border, subjected to expedited removal and the credible-fear-screening process, and released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A). In its decision, the Second Circuit expressly preserved Section 1225(b)(2)(A)'s application to "those noncitizens who present themselves at a port of entry for admission, *or who cross the physical border into the United States but are apprehended at the 'threshold of initial entry*.'" *Barbosa da Cunha*, 175 F.4th at 75 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 107, 140 (2020)) (emphasis added). The court further cited *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958), for the proposition that paroled noncitizens are treated "as if stopped at the boundary line." *Id.* (cleaned up). Thus, *Barbosa da Cunha* does not control here.

b. Second, the government is seeking additional information and documents from ICE needed to provide a thorough response to the question of whether this case is distinguishable from the Court's decisions in *Quispe-Sulcaray* and *Pastuna Pastuna*. For now, the government notes that, to the extent that the Court adheres to its decision in *Pastuna Pastuna* after the Second Circuit's decision in *Barbosa da Cunha*, it may resolve the issue concerning the statutory authority for detention, as that case concerned the issue over whether 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(1)(B)(ii) governed detention under similar circumstances. However, the government needs additional time to determine whether this case is distinguishable from *Pastuna Pastuna*, including because Petitioner here has a criminal record. The government intends to address this more fully in its response to the petition. The government does not waive its right to oppose the petition.

**e. a copy of any final order of removal; and**

a. Petitioner does not have a final removal order.

**f. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.**

a. Petitioner's removal proceedings remain pending. He is currently scheduled for a merits hearing on May 3, 2028 on the non-detained docket, but once his matter is transferred to the detained docket, that hearing will be rescheduled.

* * *

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. (212) 637-2743

cc: Counsel of Record (by ECF)

The conference scheduled for 2:30 p.m. on Tuesday, July 21, 2026, is now canceled.

Respondent's opposition is due **no later than Wednesday, July 22, 2026, at noon**. Petitioner's reply is due **no later than Friday, July 24, 2026**.

SO ORDERED. 7/21/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE